# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CLAY BUCHHOLZ and LINDSAY BUCHHOLZ,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **CIVIL NO. 1-20-CV-449-RP** |
| | § | |
| **CRESTBROOK INSURANCE COMPANY d/b/a NATIONWIDE PRIVATE CLIENT** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Crestbrook's Motion to Dismiss In Part (Dkt. 31), filed November 23, 2020; Plaintiff's Response (Dkt. 32), filed December 7, 2020; and Crestbrook's Reply (Dkt. 33), filed December 14, 2020. On February 1, 2021, the District Court referred the motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    General Background

In 2017, Plaintiffs Clay Buchholz and Lindsay Buchholz bought a home located at 14132 Flat Top Ranch Road, Austin, TX 78732 (the "Residence"). Plaintiffs purchased a home insurance policy covering "all risk of accidental direct physical loss to property" from Defendant Crestbrook Insurance Company d/b/a Nationwide Private Client. Dkt. 1-2 at ¶ 10. Plaintiffs also purchased additional insurance coverage from Defendant for "Biological Deterioration or Damage." *Id.* ¶ 11.

1

For the Policy Period from January 25, 2019 through January 25, 2020, Plaintiffs paid a Policy Premium of $11,477.38 and a Biological Deterioration Clean Up Premium of $4,554.53. In exchange, Defendant agreed to provide approximately $6.4 million in general insurance coverage for Plaintiffs' Residence and $1.6 million in additional biological-deterioration coverage.

In April and May 2019, Plaintiffs discovered water damage and mold throughout their Residence and submitted six separate claims to Defendant. Defendant provided coverage for five of those claims, paying Plaintiffs $700,000 for the covered losses, mold damage caused by the covered losses, additional living expenses, and investigation costs. Dkt. 31 at 1. Defendant, however, denied coverage for the sixth claim, "for losses caused by extensive mold throughout the house that did not tie to water damage." *Id.* Defendant avers that it denied coverage "only after a forensic engineer hired by Plaintiffs conducted an investigation and identified the cause of loss as vapor drive and workmanship defects, which are excluded under the terms of the Policy." *Id.*

Plaintiffs disagree with Defendant's interpretation of the Policy and filed suit against Defendant in Travis County District Court on March 13, 2020. Dkt. 1-2. In their Original Petition, Plaintiffs alleged breach of contract and bad faith, and requested a declaratory judgment that the Policy covers the mold damage to their Residence. *Id.* On April 28, 2020, Defendant removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. 1.

On October 13, 2020, Plaintiffs filed an Amended Complaint to add claims under Texas Insurance Code §§ 541.003, 541.151(1),[1] and 541.152(b). Dkt. 26. In the Amended Complaint, Plaintiffs alleged that they purchased insurance coverage from Defendant and additional coverage for Biological Deterioration because Defendant "represented the additional coverage would

---

[1] Plaintiffs mistakenly referred to § 541.151(1) as "§ 541.151(a)" in the Amended Complaint. Dkt. 26 ¶ 54.

2

encompass claims for mold damage and related remediation costs." Dkt. 26 ¶ 50. Plaintiffs also alleged that Defendant engaged in unfair and deceptive acts or practices in violation of § 541.003[2] by: (1) failing to promptly investigate the loss and affirm or deny coverage while mold continued to spread throughout Plaintiffs' home; (2) advising Plaintiffs to remain in their home when it was unsafe to do so, in order to minimize additional living expenses owed to Plaintiffs; and (3) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability had become reasonably clear. *Id.* ¶ 51. Plaintiffs further sought actual damages "and/or an order enjoining Crestbrook from denying the Policy covers the claimed losses and related remediation costs," as authorized under § 541.151(1). *Id.* ¶ 54. Finally, Plaintiffs sought a claim for treble damages under § 541.152(b) "because Crestbrook knowingly misrepresented the scope of coverage provided by the Policy." *Id.* ¶ 55.

In response to the Amended Complaint, Defendant filed a partial motion to dismiss. Defendant sought dismissal of Plaintiffs' § 541.003 claim to the extent that it was based "on an allegation that Crestbrook misrepresented the scope of coverage for mold damage at the time Plaintiffs procured the Policy" because Plaintiffs failed to plead those misrepresentation claims with particularity, as required by Federal Rule of Civil Procedure 9(b). Dkt. 27 at 2. In addition, Defendant sought dismissal of Plaintiffs' request for "an order enjoining Crestbrook from denying the Policy covers the claimed losses and related remediation costs" because "Plaintiffs do not cite any authority that would permit the Court to disregard the terms of their Policy and require Crestbrook to cover losses that it never agreed to cover." *Id.* at 10.

---

[2] Section 541.003 provides: "A person may not engage in this state in a trade practice that is defined in this chapter as or determined under this chapter to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance." TEX. INS. CODE ANN. § 541.003 (West 2005).

On November 9, 2020, Plaintiffs filed a Second Amended Complaint. Dkt. 30. Accordingly, the District Court dismissed Defendant's partial motion to dismiss as moot. *See* Text Order entered November 9, 2020.

In their Second Amended Complaint, Plaintiffs removed their misrepresentation claim under § 541.152(b), but kept all other previously asserted claims. Dkt. 30 ¶¶ 50-55. Defendant has now filed its second partial motion to dismiss, arguing once again that Plaintiffs' claim under § 541.003 should be dismissed to the extent it relies on any alleged misrepresentations by Defendant regarding the terms of the Policy.

## II.   Legal Standards

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

4

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.   Analysis

Defendant argues that Plaintiffs' claim under § 541.003 of the Texas Insurance Code should be dismissed to the extent it relies on any alleged misrepresentations by Defendant regarding the terms of the Policy. While Defendant acknowledges that Plaintiffs "have withdrawn some portion" of their § 541.003 claim based on Defendant's misrepresentations, Defendant complains that the Second Amended Complaint continues to state that "Plaintiffs purchased insurance coverage from Crestbrook, as well as additional coverage for Biological Deterioration because Crestbrook represented the additional coverage would encompass claims for mold damage and related remediation costs." Dkt. 30 ¶ 50. Defendant argues that the Court should dismiss Plaintiffs' § 541.003 claim to the extent it is based on this alleged misrepresentation because "[t]he Second Amended Complaint offers no details about this alleged misrepresentation such as what it was, who made it, when, to whom, via what medium, or how it misrepresented the terms of the Policy." Dkt. 31 at 8. Thus, Defendant argues, this claim should be dismissed for lack of the factual particularity required by Federal Rule of Civil Procedure 9(b). Plaintiffs respond that Defendant's partial motion to dismiss should be denied as unnecessary because Plaintiffs no longer are pursuing a misrepresentation claim under the Texas Insurance Code.

While Plaintiffs state in their Second Amended Complaint that "Crestbrook represented the additional coverage would encompass claims for mold damage and related remediation costs," they have clearly and unequivocally withdrawn any misrepresentation claim under § 541.152(b).

*See* Second Amended Compliant, Dkt. 30 ¶¶ 50-55. Moreover, Plaintiffs' claim under § 541.003

does not allege any misrepresentation by Defendants:

> Crestbrook engaged in unfair and deceptive acts or practices by
> (1) failing to promptly investigate the loss and failing to promptly
> affirm or deny coverage while mold continued to spread throughout
> Plaintiffs' home; (2) advising Plaintiffs to remain in their home
> when it was unsafe to do so in order to minimize additional living
> expenses owed to Plaintiffs; and (3) failing to attempt in good faith
> to effectuate a prompt, fair, and equitable settlement of a claim with
> respect to which Crestbrook's liability had become reasonably clear.

*Id.* ¶ 51. Because Plaintiffs no longer allege a misrepresentation claim under the Texas Insurance

Code, Defendant's partial motion to dismiss is unnecessary, without merit, and should be denied.

## IV.   Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District

Court **DENY** Defendant's Motion to Dismiss In Part (Dkt. 31).

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections

must specifically identify those findings or recommendations to which objections are being made.

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.*

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written

objections to the proposed findings and recommendations contained in this Report within fourteen

(14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and,

except on grounds of plain error, shall bar the party from appellate review of unobjected-to

proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on March 29, 2021.

                                                _____

                                              SUSAN HIGHTOWER
                                              UNITED STATES MAGISTRATE JUDGE