# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CLAY BUCHHOLZ and LINDSAY BUCHHOLZ,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **CIVIL NO. 1-20-CV-449-RP** |
| | § | |
| **CRESTBROOK INSURANCE COMPANY d/b/a NATIONWIDE PRIVATE CLIENT** | § | |
| *Defendant* | § | |

## **O R D E R**

Before the Court are Defendant's Opposed Motion to Compel Responses to Interrogatory No. 2, filed January 29, 2021 (Dkt. 35); Plaintiff's Response in Opposition to Crestbrook's Motion to Compel, filed February 5, 2021 (Dkt. 38); and Defendant's Reply in Support of its Opposed Moton to Compel Responses to Interrogatory No. 2, filed February 12, 2021 (Dkt. 39). On February 1, 2021, the District Court referred the motion to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    Background

In 2017, Plaintiffs Clay Buchholz and Lindsay Buchholz bought a home located at 14132 Flat Top Ranch Road, Austin, TX 78732 (the "Residence"). Plaintiffs purchased a home insurance policy from Defendant Crestbrook Insurance Company d/b/a Nationwide Private Client covering "all risk of accidental direct physical loss to property." Dkt. 1-2 at ¶ 10. Plaintiffs also purchased additional insurance coverage from Defendant for "Biological Deterioration or Damage." *Id.* ¶ 11.

1

For the Policy Period from January 25, 2019 through January 25, 2020, Plaintiffs paid a Policy Premium of $11,477.38, and a Biological Deterioration Clean Up Premium of $4,554.53. In exchange, Defendant agreed to provide approximately $6.4 million in general insurance coverage for Plaintiffs' Residence and $1.6 million in additional biological-deterioration coverage.

In April and May 2019, Plaintiffs discovered water damage and mold throughout their Residence and submitted six separate claims to Defendant. Defendant provided coverage for five of those claims, paying Plaintiffs $700,000 for the covered losses, mold damage caused by the covered losses, additional living expenses, and investigation costs. Dkt. 31 at 1. Defendant, however, denied coverage for the sixth claim, "for losses caused by extensive mold throughout the house that did not tie to water damage." *Id.* Defendant avers that they denied coverage "only after a forensic engineer hired by Plaintiffs conducted an investigation and identified the cause of loss as vapor drive and workmanship defects, which are excluded under the terms of the Policy." *Id.*

Plaintiffs disagree with Defendant's interpretation of the Policy and filed suit against Defendant in Travis County District Court on March 13, 2020. Dkt. 1-2. Plaintiffs allege breach of contract, bad faith, a request for a declaratory judgment declaring that the Policy covers the mold damage to Plaintiffs' Residence, and claims under Texas Insurance Code §§ 541.003 and 541.152(b). Second Amended Complaint, Dkt. 30. On April 28, 2020, Defendant removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. 1.

In its Motion to Compel, Defendant asks the Court to compel Plaintiffs "to respond separately and fully in writing under oath" to Defendant's Interrogatory No. 2 under Federal Rule of Civil Procedure 37(a)(3)(B) and to award attorneys' fees under Rule 37(a)(5)(A). Plaintiffs oppose the Motion.

## II.   Legal Standards

Federal Rule of Civil Procedure 26(b)(1) provides that: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol.* Co., 392 F.3d 812, 820 (5th Cir. 2004)). When a party withholds information otherwise discoverable by claiming that the information is privileged, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). The party resisting discovery must show how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003). "A trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982). In addition, if the court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A).

### III.   Analysis

Defendant seeks to compel Plaintiffs to respond to Defendant's Interrogatory No. 2, which

states: "Explain in detail what You contend caused the alleged losses at the Residence Premises."

Dkt. 36-5 at 12. Plaintiffs have responded to Interrogatory No. 2 as follows:

> As an initial matter, Plaintiffs object that this interrogatory is
> premature because determination of the causes of the alleged losses
> requires expert opinions that are not yet available. Plaintiffs will
> supplement this answer with the opinions of their designated expert
> when such information becomes available and after disclosing their
> anticipated expert(s). Subject to these objections, Plaintiffs answer
> that they do not bear the burden of identifying the "cause" of any
> loss. The insurer bears the initial burden of establishing that an
> exclusion applies. *Guaranty Nat'l. Ins. Co. v. Vic. Mfg. Co.*, 143
> F.3d 192, 193 (5th Cir. 1998). Plaintiffs contend that accidental
> direct physical loss occurred, including damage caused by water
> intrusion that is covered by the policy. Plaintiffs also reserve the
> right to supplement this response as discovery progresses.

Dkt. 36-6 at 9. Defendant argues that Plaintiffs' response that "Plaintiffs contend that accidental

direct physical loss occurred, including damage caused by water intrusion that is covered by the

policy," is insufficient because identifying the cause of the alleged losses is material to whether

the alleged losses are covered.

As noted, Defendant denied coverage in this case on the basis that the cause of the losses to

Plaintiffs' Residence were from vapor drive and workmanship defects, which Defendant contends

are excluded under the terms of the Policy. Plaintiffs deny that any Policy exclusions apply. Thus,

the cause of the alleged mold damage to Plaintiffs' Residence is directly relevant to whether those

losses fall within the terms of the Policy, and the interrogatory is proper. *See Crosb*y, 647 F.3d at

262 ("A discovery request is relevant when the request seeks admissible evidence or is reasonably

calculated to lead to the discovery of admissible evidence.").

Plaintiffs also object that the interrogatory is premature. It is within the Court's discretion to determine the appropriate time for responding to a contention interrogatory. *Firefighters' Retirement Sys. v. Citco Grp. Ltd.*, No. 13-373-SDD-EWD, 2017 WL 2825925, at *9 (M.D. La. June 30, 2017); FED. R. CIV. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").

Plaintiffs state that they will supplement their response to Interrogatory No. 2 after their expert has formed an opinion as to causation. Expert reports are not due until June 30, 2021, and the discovery deadline is September 30, 2021 – six months from today. Dkt. 21. Permitting Plaintiffs to supplement their response to Interrogatory No. 2 after their expert witness issues a report will not prejudice Defendant in this case. *See Sigman v. CSX Corp.*, No. 3:15-13328, 2016 WL 7444947, at *2 (S.D. W. Va. Dec. 27, 2016) ("[I]n cases where the parties anticipate the production of an expert report which will touch on the very contentions at issue, the Court should normally delay contention discovery until after the expert reports have been served, which may then render moot any further contention discovery.") (internal quotation marks omitted).

Accordingly, Defendant's Motion to Compel Responses to Interrogatory No. 2 (Dkt. 35) is **DENIED**. The Court **FURTHER ORDERS** Plaintiffs to fully supplement their answer to Interrogatory No. 2 by **July 5, 2021**. It is **FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

**SIGNED** on March 30, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

5